## SOANES v. COMMISSIONER OF INTERNAL REVENUE.

## BELL v. COMMISSIONER OF INTERNAL REVENUE.

## GIBSON v. COMMISSIONER OF INTERNAL REVENUE.

## VALLEJO BUS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11941.

United States Court of Appeals Ninth Circuit.

Dec. 29, 1948.

Leon De Fremery and Clarence E. Musto, both of San Francisco, Cal., for petitioner.

Theron LaMar Caudle, Asst. Atty. Gen., and George A. Stinson, Ellis N. Slack, I. Henry Kutz, and L. W. Post, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and HARRISON, District Judge.

DENMAN, Chief Judge.

The individual petitioners are directors of petitioner Vallejo Bus Company, a California corporation dissolved on December 31, 1942, and are hereafter described as the Corporation. It sought in the Tax Court a

redetermination of its 1942 income and declared value excess profits tax as assessed by the respondent. The amount of the assessment, if valid against the Corporation, is not questioned. Particularly, the petition for redetermination concerns the taxes assessed on income earned between June 1, 1942, and September 15, 1942.

The Corporation contended before the Tax Court that on June 1, 1942, it had transferred all its assets to the partnership of the three individual petitioners and that it had no earnings after that date and that whatever was earned between June 1 and September 15 was income to the partnership as of right or at least under claim of right.

The Tax Court found that there was no transfer by the Corporation until after September 15, 1942, and that what was done by the copartners between the two dates was performed by the Corporation through them as its agents acting for it and not in their own right or under a claim of right.

■ The Corporation contends here that there is no evidence before the Tax Court from which inferences may be drawn supporting the above findings of fact. We do not agree. There is substantial evidence supporting the findings.

Prior to May 19, 1942, three of the directors holding all the Corporation's stock formed a partnership under the name Vallejo Bus Company to purchase a franchise and properties of the Corporation, a "passenger stage corporation" as defined by Sec. 2¼ of the California Public Utilities Act, Gen.Laws, Act 6386.

Regarding the sale of the Corporation's franchise and transportation properties, Sec. 50¼ of that Act provides that it shall be made only on the "authorization" of the California Railroad Commission. Section 51(a) provides that no such utility shall sell such franchise or properties "with out first having secured from the Railroad Commission an order authorizing it so to do."

Section 76 and 77 of this statute impose penalties to the amount of $500 upon any public utility violating any provision of the statute and punishment for a misdemeanor by fine not exceeding $1,000 or by imprisonment not exceeding one year or by both upon any officer, agent or employee of any public utility, who violates or fails to comply with any provision of the statute.

Much of the Corporation's brief is based upon the erroneous assumption that a contract of sale of the corporate franchise is valid "as between the parties thereto since the Railroad Commission had no authority concerning this sale other than its statutory authority to veto the sale if it should be found contrary to the interests of the public."

As seen, the statute gives the Commission no power to ratify a past sale. Its sole function in this respect is to authorize one in the future. The Corporation fully recognized this in its proceeding before the Commission.

On May 19, 1942, the Corporation agreed that it would sell its franchise and transportation properties to the partnership. On June 1, 1942, the partnership opened a separate bank account, into which all the receipts of the bus operation were placed and later transferred the Corporation's insurance policies to the partnership.

On June 9, 1942, a contract of sale of those properties was executed by the corporation and the partnership, stating it to be "effective as of June 1, 1942, but that the same is subject to the approval of the Railroad Commission * * * and in the event said approval is not forthcoming, this agreement shall be null, void and of no effect."

Pursuant to the above statutes, on June 9, 1942, the Corporation filed its petition with the Railroad Commission, stating, with the verification of the president and secretary, that it "at the present time [June 9] is engaged in the operation of an automotive service for the transportation of passengers between the City of Vallejo and Mare Island Navy Yard," etc. and it "proposes to sell" and the partners "propose to purchase" its "operating rights." Attached to the petition was its agreement of sale which was to be effective June 1 if approved by the Commission, and if not so approved to be void.

The Corporation's claim that from June 1, 1942 on, it had transferred its franchise to the partnership which operated the company and took its receipts for their own account thereafter, is thus seen to be squarely contradicted over the oath of its president and secretary in the Corporation's petition of June 9, alleging the Corporation was then "presently" nine days later engaged in the operation of the bus service.

Instead of giving the contract of June 9 its approval as of June 1, 1942, the Commission gave no approval at all. What it did was what the statute gave it the power to do and no more. It authorized a future transfer of the properties. Its only reference to the contract of June 9 was for its description of the properties of which the Commission permitted a sale after September 15 and before December 31, 1942. The Commission's order reads:

" * * * that Vallejo Bus Company, a corportaion, be, and it is hereby *authorized to transfer, on or before December 31, 1942*, to Luther E. Gibson, Harry V. Soanes and Frank O. Bell, copartners doing business under the firm name and style of Vallejo Bus Co., the properties described in the agreement on file in this proceeding, together with the operative rights created by Decision No. 34167, dated May 6, 1941, * * *.

"It Is Hereby Further Ordered that Luther E. Gibson, Harry V. Soanes and Frank O. Bell, copartners doing business under the firm name and style of Vallejo Bus Co., *shall within thirty (30) days after* they acquire the aforesaid properties, file with the Commission a copy of their partnership agreement." (Emphasis supplied.)

We are not here concerned with what may have been the effect on the tax incidence if the Railroad Commission on September 15, 1942, had approved the contract of June 9, with its retroaction to June 1. This did not occur, though at a subsequent rate hearing a member of the Commission seemed to think it had.

■ By the terms of the agreement itself the failure to procure the approval of ' the Commission made it void. Without its avoidance clause and as a sale in praesenti it is void under Sec. 51 of the California Utilities Act.

Not only do we feel that the evidence before the Tax Court warrants the inferences supporting its findings, but we agree that the preponderance of the evidence requires the belief that the partners truly stated the Corporation was operating the line after June 1 and hence they could not have been operating it for themselves under any individual claim of right to the Corporation's income but as its agents.

The decision of the Tax Court is affirmed.